IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIZZY LANDRY, *Individually, and as Next Friend of INDIA , a minor*, | § § § | Civil Action No.:4:17-cv-3004 |
| *Plaintiff,* | § § | |
| v. | § § § | |
| CYPRESS FAIRBANKS ISD, AND PRINCIPAL MARTHA STROTHER, *Individually*, | § § § § § | |
| *Defedants.* | § | |

## MARTHA STROTHER'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Subject to her Motion to Dismiss Plaintiffs' Second Amended Complaint, (Dkt. 28), Martha Strother files her Answer to Plaintiffs' Second Amended Original Complaint (complaint) (Dkt. No. 24) as follows.

1. Strother admits that India sat for the Pledge of Allegiance (the Pledge) as set forth in paragraph 1 of the complaint. Strother denies the remaining factual allegations set forth in paragraph 1 of the complaint

2. Strother lacks sufficient information to admit or deny the factual allegations in paragraph 2 of the complaint.

3. Strother denies the factual allegations as set forth in paragraph 3 of the complaint.

4. Strother denies the factual allegations as set forth in paragraph 4 of the complaint.

5. Strother admits that India was sitting in the campus' administrative offices on October 2, 2017 when the Pledge was recited over the intercom and that India did not stand for the Pledge, but denies that India was sitting in Strother's office at the time as set forth in paragraph 5 of the complaint. Strother further admits that India met with the assistant principal and was suspended for the rest of the day for violating the school's cell phone policy as set forth in paragraph 5 of the complaint. Strother denies the remaining allegations in paragraph 5 of the complaint.

6. Strother denies that India is entitled to any of the relief sought as set forth in paragraph 5 of the complaint. The remainder of paragraph 5 does not set forth factual allegations requiring admission or denial.

7. Strother admits the factual allegations set forth in paragraph 7 of the complaint.

8. Strother admits the factual allegations set forth in paragraph 8 of the complaint.

9. Strother denies that India is entitled to declaratory relief as set forth in paragraph 9 of the complaint.

10. Strother denies that India was deprived of her constitutional rights as set forth in paragraph 10 of her complaint.

11. Strother admits the factual allegations set forth in paragraph 11 of the complaint.

12. Strother admits the factual allegations set forth in paragraph 12 of the complaint.

13. Strother admits the factual allegations set forth in paragraph 13 of the complaint.

14. Strother admits the factual allegations set forth in paragraph 14 of the complaint.

15. Strother admits the factual allegations set forth in paragraph 15 of the complaint.

16. Strother admits the factual allegations set forth in paragraph 16 of the complaint.

17. Strother admits the factual allegations set forth in paragraph 17 of the complaint.

18. Strother admits the factual allegations set forth in paragraph 18 of the complaint.

19. Strother admits the factual allegations set forth in paragraph 19 of the complaint.

20. Strother admits the factual allegations set forth in paragraph 20 of the Complaint.

21. Strother lacks sufficient information to admit or deny the factual allegations regarding India's attendance at other school as set forth in paragraph 21 of the complaint. Strother denies the remaining factual allegations in paragraph 21 of the complaint.

22. Strother denies the factual allegations set forth in paragraph 22 of the Complaint.

23. Strother denies the factual allegations set forth in paragraph 23 of the Complaint.

24. Strother denies the factual allegations set forth in paragraph 24 of the complaint.

25. Strother admits that India was sitting in the campus' administrative offices on October 2, 2017 when the Pledge was recited over the intercom and that India did not stand for the Pledge, but denies that India was sitting in Strother's office at the time as set forth in paragraph 25 of the complaint. Strother further admits that India met with the assistant principal and was suspended for the rest of the day for violating the school's cell phone policy as set forth in paragraph 25 of the complaint. Strother denies the remaining allegations in paragraph 25 of the complaint.

26. Strother admits that India was sitting in the campus' administrative offices on October 2, 2017 when the Pledge was recited over the intercom and that India did not stand for the Pledge, but denies that India was sitting in Strother's office at the time as set forth in paragraph 26 of the complaint. Strother further admits that India met with the assistant principal and was suspended for the rest of the day for violating the school's cell phone policy as set forth in paragraph 26 of the complaint. Strother denies the remaining allegations in paragraph 26 of the complaint.

27. Strother admits that Landry was called to pick India up from school because she had been suspended for the remainder of the day for violating the school's cell phone

policy and that Landry signed India out of school as set forth in paragraph 27 of the complaint. Strother denies the remaining allegations as set forth in paragraph 27 of the complaint.

28. Strother lacks sufficient information to admit or deny the allegations in paragraph 28 of the complaint.

29. Strother admits that India returned to her home campus Cypress Spring High School on October 3, 2017, to resume taking classes at her home campus as set forth in paragraph 29 of the complaint. Strother further admits that Smith informed her that India was returning to her home campus and that India would not have to stand for the Pledge at Cypress Spring High School as set forth in paragraph 29 of the complaint. Strother lacks sufficient information to admit or deny the remaining allegations in paragraph 29 of the complaint.

30. Strother admits that she contacted Landry on October 4, 2017, and requested a meeting with Landry and India to discuss why attending classes at Windfern would present the best opportunity for India graduating from high school as set forth in paragraph 30 of the complaint. Strother further admits that rather than meeting that day, Landry requested that the meeting be held on the morning of October 5, 2017, as set forth in paragraph 30 of the complaint. Strother lacks sufficient information to admit or deny the remaining allegations in paragraph 30 of the complaint.

31. Strother admits that she met with Landry and India on the morning of October 5, 2017, and discussed, among other things, that Strother would assist India in creating a campus discussion group to express India's views about racial injustice as set

forth in paragraph 31 of the complaint. Strother admits that she informed India that she would need to stand for the Pledge, but not recite the Pledge, if she attended classes at Windfern, or she could attend classes at her home campus where she would not be required to stand for the Pledge as set forth in paragraph 31 of the complaint. Strother denies any remaining allegations in paragraph 31 of the complaint.

32. Strother admits that Windfern is a school of choice as set forth in paragraph 32 of the Complaint. The remainder of paragraph 32 is too vague for Strother to make further admission or denial.

33. Strother lacks sufficient information to admit or deny the factual allegations in paragraph 33 of the complaint.

34. Strother admits that on the morning of October 6, 2017, she informed India and her mother that if India returned to Windfern she would not be required to stand for the Pledge if Kizzy Landry submitted a written request, and that India temporarily returned to Windfern before voluntarily returning to her home campus, and that Strother is still the Principal at Windfern campus as set forth in paragraph 34 of the complaint.

35. Paragraph 35 of the complaint does not contain factual allegations requiring admission or denial.

36. Strother denies the factual allegations set forth in paragraph 36 of the complaint.

37. Strother lacks sufficient information to admit or deny the factual allegations in paragraph 37 of the complaint.

38. Paragraph 38 of the complaint does not contain factual allegations requiring admission or denial.

39. Paragraph 39 of the complaint does not contain factual allegations requiring admission or denial.

40. Strother denies that India's First Amendment rights were violated as set forth in paragraph 40 of the complaint. The remainder of paragraph 40 does not contain factual allegations requiring admission or denial.

41. Paragraph 41 of the complaint does not contain factual allegations requiring admission or denial.

42. Paragraph 42 of the complaint does not contain factual allegations requiring admission or denial.

43. Paragraph 43 of the complaint does not contain factual allegations requiring admission or denial.

44. Paragraph 44 of the complaint does not contain factual allegations requiring admission or denial.

45. Paragraph 45 of the complaint does not contain factual allegations requiring admission or denial.

46. Strother denies the factual allegations set forth in paragraph 46 of the complaint.

47. Strother denies the factual allegations set forth in paragraph 47 of the complaint.

48. Paragraph 48 of the complaint does not contain factual allegations requiring admission or denial.

49. Strother denies the factual allegations set forth in paragraph 49 of the complaint.

50. Strother denies that India and Kizzy Landry are entitled to any of the relief sought in their Request for Relief.

**<u>Affirmative Defenses</u>**

1. Strother is entitled to qualified immunity to Plaintiffs' claims.

2. Landry lacks standing to assert individual constitutional claims on her own behalf.

3. Plaintiffs fail to state a claim on which relief could be granted.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

_____
CLAY T. GROVER
Attorney-in-Charge
State Bar No. 08550280
Fed. I.D. No. 15064
cgrover@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
Rogers, Morris & Grover, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:   713/960-6000
Facsimile:   713/960-6025

*Attorneys for Martha Strother*

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 15, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following:

Randall L. Kallinen
Law Office of Randall L. Kallinen PLLC
511 Broadway Street
Houston, Texas 77012
*(Via electronic notification)*

Christopher B. Gilbert
William B. McElhiney, III
Thompson & Horton LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
*(Via electronic notification)*

/s/
_____
*Attorney for Martha Strother*