IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIZZY LANDRY and INDIA LANDRY, | )( | Civil Action No.: 4:17-cv-3004 |
| | )( | |
| *Plaintiffs,* | )( | |
| | )( | |
| v. | )( | |
| | )( | |
| CYPRESS FAIRBANKS ISD, *et al.,* | )( | |
| | )( | |
| *Defendants.* | )( | |

### PLAINTIFFS' RESPONSE TO:

### DEFENDANT MARTHA STROTHER'S MOTION FOR PARTIAL DISMISSAL PURSUANT TO RULES 12(b)(1), (6)

**TO THE HONORABLE KEITH P. ELLISON:**

**NOW COME PLAINTIFFS** KIZZY LANDRY and INDIA LANDRY and respond to DEFENDANT STROTHER's motion for partial summary judgment and will show the Court the following:

### NATURE AND STAGE OF THE PROCEEDING

Plaintiffs filed suit October 7, 2017 and amended their complaint December 11, 2017.

Defendant Strother filed a partial motion to dismiss plaintiffs' first amended complaint December 18, 2017.

### STATEMENT OF THE ISSUES

Did plaintiff Kizzy Landry state a viable cause of action against Martha Strother?

Does India Landry have a claim under the 5th Amendment to the constitution?

**OBJECTION TO FACTS ALLEGED BY DEFENDANTS**[1]

Plaintiffs object to defendant's recitation of the facts in her partial motion to dismiss as they do not contain all the relevant facts for analysis of the motion to dismiss and plaintiffs instead point to the facts contained in their live complaint (supra).

**SIMILIAR CASE PENDING IN THE U.S. SOUTHERN DISTRICT OF TEXAS**

There is currently pending in this district[2] a similar case alleging a female African-American Houston-area high school student was punished and harassed for respectfully sitting for the Pledge. In that case defendant Superintendent's, principal's and teachers' motion to dismiss was denied in part. See **Exhibit 1,** *Memorandum and Order*, May 22, 2018.

**FACTS**

Defendant Strother leaves out many facts essential to the analysis. Plaintiffs do not agree with defendant's assertion of facts in it's motion to dismiss unless such facts agree exactly with plaintiffs' live complaint facts and reasonable inferences. Plaintiffs have set forth the relevant facts in their live complaint (**Exhibit 2** incorporated by refence as is fully set forth herein):

> *1.     India Landry, an African-American female, at the time 17 (now 18), a Windfern High School (Windfern) student had respectfully sat for the Pledge of Allegiance (the Pledge) around 200 times in previous schools in the Cypress-Fairbanks Independent School District. At Windfern, however, it was different.*
> *2.     During the Spring Semester of 2017 India was told to leave the class on five separate occasions by English Teacher Jamie Johnson because she sat for the Pledge of Allegiance (The Pledge).*
> *3.     Also, during the Spring Semester of 2017 India's Street Law teacher Mary James berated her for sitting for the Pledge and that it was disrespectful to this country. The next day Mary James expelled India from the classroom for sitting respectfully for the Pledge and sent her to Head Principal Martha Strother's office (Principal Strother). Another African America student ("D") was also sent to office for sitting for the Pledge along with India.*
> *4.     At the office Principal Strother told both India and D that they would have to stand for the Pledge.*

---

[1] Plaintiffs assert all facts as set forth in Plaintiffs' 1st Amended Original Complaint.

[2] Honorable Lee H. Rosenthal.

*5.     In the Fall Semester 2018 India was sitting in head Principal Strother's office when the Pledge was recited over the school intercom. India continued to sit. Principal Strother upon seeing this immediately expelled India from school saying "Well you're kicked outta here." Assistant Principal Fitt then gave Kizzy Landry, India's mother, five minutes to pick up India or the police would escort her out of the school which was heard by India Landry as was intended by Assistant Principal Fitt. Assistant Principal Fitt did not instruct Principal Strother that expelling India for peacefully sitting for the Pledge was Unconstitutional*

*6.     The right for minor students not to be forced to recite or stand for the Pledge is an old one predating, for example, Brown v. Board of Education by over a decade.* West Virginia Bd. of Ed. v. Barnette, 319 U.S. 624, 63 S. Ct. 1178, 87 L. Ed. 1628 (1943) (*We think the action of the local authorities in compelling the flag salute and pledge transcends constitutional limitations on their power and invades the sphere of intellect and spirit which it is the purpose of the First Amendment to our Constitution to reserve from <u>all official control</u>.) See also Frazier v. Winn, 535 F.3d 1279 (11th Cir. 2008). The plaintiff seeks appropriate declaratory and injunctive relief, as well as damages. Furthermore, instant expulsion from a public school is not allowed if the student is not a danger. Goss v. Lopez, 419 U.S. 565 (1975).*

*...*

## IV.     ADDITIONAL FACTS

*7.     India Landry (India) was a student at Windfern High School of the Cypress Fairbanks ISD. Kizzy Landry (Ms. Landry) is the mother of India Landry. Windfern is a public school receiving state and federal funds. Cypress-Fairbanks ISD has designated Windfern a "Campus of Choice" and allowed special behavior requirements.[3] According to Windfern's website: "Windfern High School, CFISD's "campus of choice," serves eleventh and twelfth graders who choose to apply for admission from the ten traditional attendance zone high schools. Students must be recommended by their home campus assistant principal and counselor and must write a statement of why they want to attend Windfern and what they are willing to do to ensure their success. Applying to Windfern is much like applying to a college: students make a deliberate choice to apply for admission and the college chooses which students to accept for admission. Furthermore, if students do not live up to the academic <u>and behavior standards of the college</u>, they can be withdrawn. This admissions process defines the difference between a campus of choice and an attendance zone campus which has open enrollment for all students living in the area designated by the district as its attendance zone."*

*8.     India Landry, an African-American female, at the time 17 (now 18), a Windfern High School (Windfern) student had respectfully sat for the Pledge of Allegiance (the Pledge) around 200 times in previous schools in the Cypress-Fairbanks Independent School District. At Windfern, however, it was different.*

*9.     During the Spring Semester of 2017 India was told to leave the class on five separate occasions by English Teacher Jamie Johnson because she sat for the Pledge of Allegiance (The Pledge).*

---

[3] Plaintiffs allege one of these behavioral requirements promoted by Cy-Fair ISD is standing for the Pledge.

PLAINTIFF'S RESPONSE TO DEFENDANT STROTHER'S MOTION TO DISMISS     Page 3

*10. Also, during the Spring Semester of 2017 India's Street Law teacher expelled her from the classroom for sitting respectfully for the Pledge and sent her to Head Principal Martha Strother's office (Principal Strother). Another African America student ("D") was also sent to office for sitting for the Pledge along with India.*

*11. At the office Principal Strother told both India and D that they would have to stand for the Pledge.*

*12. In the Fall Semester 2018 India was sitting in head Principal Strother's office when the Pledge was recited over the school intercom. India continued to sit. Principal Strother upon seeing this immediately expelled India from school saying "Well you're kicked outta here." Assistant Principal Fitt then gave Kizzy Landry, India's mother, five minutes to pick up India or the police would escort her out of the school.*

*13. October 2, 2017, India happened, however, to be sitting in head principal Martha Strother's office, with school secretary Mrs. Walter's present, at 9:30 am when the pledge was recited over the school intercom. India continued to sit. Principal Strother upon seeing this immediately expelled India from school saying angerly "Well you're kicked outta here." After sitting for a few minutes India was directed to Assistant Principal Fitt's office. Principal Penny Irwin-Fitt told India in a hostile tone to call her mother to come pick her up and if your mom does not get her in five minutes an officer will escort her from the building. Mrs. Walters said in a hostile manner, "This is not the NFL."[4] Ms. Fitt said India was going to stand for the Pledge like the other African-American in her class.*

*14. Ms. Landry got a phone call from India to pick her up as she was being expelled from school. Ms. Landry arrive at Windfern at about 10 am and tried to talk to the Principal Strother to determine the reason for the pulsion but Principal Strother would not see Ms. Landry. The secretary said to sign I.L. out of school.*

*15. After Ms. Landry got home she phoned at 10:45 am to Cypress-Fairbanks ISD Superintendent Mark Henry.[5] Ms. Landry explained the entire situation as a message with the Cypress-Fairbanks ISD receptionist and the receptionist said someone would call Ms. Landry that day or the latest the morning of October 3, 2017.*

*16. The next day October 3, 2017 Ms. Landry again called the Cypress-Fairbanks ISD Superintendent Henry and told the receptionist no one had called as promised and repeated the incident facts. The ISD receptionist stated she had forwarded Ms. Landry's message by email and said she would forward the message again by email to Cypress Fairbanks ISD Superintendent Henry. About 8 am Ms. Landry called Cypress Spring High School and spoke Assistant Principal Smith to see if India could return to Cypress Spring High School. Ms. Landry and India then went to Mr. Smith's office. Principal Smith phoned Principal Strother and then he reported to Ms. Landry that no one can sit for the Pledge at her school and India*

---

[4] This refers to the mostly African American NFL players kneeling during the National Anthem in protest of the discriminatory treatment of African Americans that exists in America,

[5] Superintendent Mark Henry is charged with overseeing school operations and to keep the school board apprised of important developments. Martha Strother was designated authority to handle student behavior at Windfern.

*cannot come back. Later that evening around 7 or 8 pm Mr. Campbell an assistant to Cypress Fairbanks ISD Superintendent Henry in student services phoned. Mr. Campbell indicated he would contact Principal Strother that night or in the morning.*

*17.     October 4, 2017 in the afternoon Mr. Campbell affirmed he had spoken with Principal Strother and that Principal Strother should be calling Ms. Landry that day. Ms. Landry received no phone call. Principal Strother called in the evening and asked to meet you regarding the possibilities of India returning to Windfern. A meeting time was set up for October 5, 2017 at 8:30 am.*

*18.     October 5, 2017 at 8:30 am Ms. Landry and India met with Principal Strother. Principal iterated that India must stand for the Pledge to be let back in at Windfern. Principal Strother said that sitting was disrespectful and would not be allowed. Principal Strother suggested that India write about justice and African Americans being killed. Ms. Strother then said the meeting is over and if India does not stand for the Pledge she cannot return to Windfern.*

*19.     Throughout this ordeal Principal Strother stated that Windfern is a "school of choice" and that is why*

*20.     At about 10 am Ms. Landry got a call from a local TV news reporter from KHOU Channel 11 about the "pledge controversy." At 5 pm that afternoon a story aired on KHOU Channel 13 News about the situation including suggesting it was Unconstitutional.*

*21.     October 6, 2017 at about 8:41 am Principal Strother called and said now India could sit for the Pledge. India returned to Windfern at 10:30 am. Principal Strother still has her job at Windfern High School.*

*22.     The Cy-Fair ISD Handbook States that the:*

*Pledge of Allegiance and a Minute of Silence Texas law requires (Texas Education Law Section 25.082) students to recite the Pledge of Allegiance to the United States flag and the Pledge of Allegiance to the Texas flag each day. Parents may submit a written request to the principal to excuse their child from reciting a pledge.*

*The Texas Education Code Section 25.082 sets forth that:*

*…*
*(b) The board of trustees of each school district and the governing board of each open-enrollment charter school shall require students, once during each school day at each campus, to recite:*
*(1) the pledge of allegiance to the United States flag in accordance with 4 U.S.C. Section 4; and*
*(2) the pledge of allegiance to the state flag in accordance with Subchapter C, Chapter 3100, Government Code.*
*(b-1) The board of trustees of each school district and the governing board of each open-enrollment charter school shall require that the United States and Texas flags be prominently displayed in accordance with 4 U.S.C. Sections 5 - 10 and Chapter 3100, Government Code, in each campus classroom to which a student is assigned at the time the pledges of allegiance to those flags are recited.*

*36.     After India returned to class several Windfern High School teachers would*

*not let her makeup her assignments causing a reduction in her grades.*
*37. India and Ms. Landry suffered at least anxiety, depression, and fear as a result of Defendants' action and inactions. Ms. Landry had to use her vehicle and time away from work due to Defendants' actions and inactions.*
**--Plaintiff's 2nd Amended Original Complaint**

## PLAINTIFF'S REQUEST FOR ORAL ARGUMENT

Although Plaintiffs aver that plaintiffs' response to the defendant Strother's partial motion to dismiss is sufficient to defeat the motion, questions and clarifications may remain and, therefore, plaintiffs suggest oral argument.

## FORCED STANDING FOR THE PLEDGE

The Supreme Court decided 75 years ago that public school students cannot be forced to stand for the Pledge of Allegiance.[6] That's over a decade older than *Brown v. Board of Education.* No case since then has held otherwise.

## IT VIOLATES DUE PROCESS TO BE KICKED OUT OF SCHOOL

India Landry was instantly expelled from school with no notice or an opportunity to be heard. The right not to be instantly expelled from public school is 43 years old. *Goss v. Lopez*, 419 U.S. 565 (1975)("The Court's view has been that as long as a property deprivation is not de minimis, its gravity is irrelevant to the question whether account must be taken of the Due Process Clause."). The instant case involved expulsion while the *Goss* case plaintiff suffered a mere suspension.

While the Goss Court held due process was necessary in suspensions of 10 days or more, it did not hold, that suspensions of less than 10 day did not require due process.

---

[6] *West Virginia Bd. of Ed. v. Barnette,* 319 U.S. 624, 63 S. Ct. 1178, 87 L. Ed. 1628 (1943) (We think the action of the local authorities in compelling the flag salute and pledge transcends constitutional limitations on their power and invades the sphere of intellect and spirit which it is the purpose of the First Amendment to our Constitution to reserve from <u>all official control</u> (emph. added).) See also *Frazier v. Winn, 535 F.3d 1279 (11th Cir. 2008).*

> "On the other hand, requiring effective notice and informal hearing permitting the student to give his version of the events will provide a meaningful hedge against erroneous action. At least the disciplinarian will be alerted to the existence of disputes about facts and arguments about cause and effect. He may then determine himself to summon the accuser, permit cross-examination, and allow the student to present his own witnesses. In more difficult cases, he may permit counsel. In any event, his discretion will be more informed and we think the risk of error substantially reduced. We should also make it clear that we have addressed ourselves solely to the short suspension, not exceeding 10 days.
> …
> Nor do we put aside the possibility that in unusual situations, although involving only a short suspension, something more than the rudimentary procedures will be required."
> *Id at 583-4*

In cases of suspensions of less than 10 days *Harris v. Pontotoc Cty. Sch. Dist.* (635 F.3d 685, 690 (5th Cir. 2011)) is instructional:

> Because Derek was subject to a <u>temporary suspension of no more than 10 days</u>, he had to "be given oral or written notice of the charges against him and, if he denies them, <u>an explanation of the evidence the authorities have and an opportunity to present his side of the story</u>." *Goss,* 419 U.S. at 581. "[I]n being given an opportunity to explain his version of the facts at this discussion, the student [must] first be told what he is accused of doing and what the basis of the accusation is." Id. at 582. There is no particular delay or formality required, but there must be at least "an informal give-and-take between student and disciplinarian." Id. at 582, 584.

India was instantly expelled before there was any opportunity to present her side of the story.

## **EQUAL PROTECTION**

Plaintiffs have an equal amendment claim. Defendant do not dispute this. "[B"ecause the substantive guarantees of the [First] Amendment serve as the strongest protection against the limitation of these rights. . . . . [If the defendants' actions] survive substantive review under the specific guarantees [of the First Amendment,] they are also likely to be upheld under an equal

protection analysis. . . ." *A.M. ex rel. McAllum v. Cash,* 585 F.3d 214, 226 n.9 (5th Cir. 2009). Here defendants do not even bother with arguing that the First Amendment does not apply.

## KIZZY LANDRY HAS STANDING

Kizzy Landry is the mother of India Landry, a minor at the time, and suffered at least anxiety, depression, and fear as a result of Defendants' actions. Ms. Landry had to use her vehicle and time away from work due to Defendants' actions and inactions. Ms. Landry has standing for her own damages suffered by defendants' actions.

## CONCLUSION and PRAYER

WHEREFORE, Plaintiffs request that defendant's motion to dismiss be DENIED and request all other relief in Law and/or Equity that plaintiffs show themselves entitled.

Respectfully submitted,
KALLINEN LAW PLLC

/s/ Randall L. Kallinen
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone: 713.320.3785
FAX: 713.893.6737
Email: AttorneyKallinen@aol.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that I have served upon all opposing counsel and all pro se parties a true and correct copy of the foregoing on this the 13th day of June 2017, by filing with the ECF System of the United States District Court for the Southern District of Texas.

/s/ Randall L. Kallinen
Randall L. Kallinen