**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| KIZZY LANDRY and INDIA LANDRY, | |
| *Plaintiffs,* | |
| v. | Civil Action No. 4:17-cv-03004 |
| CYPRESS FAIRBANKS ISD, et al., | |
| *Defendants,* | |
| STATE OF TEXAS, | |
| *Defendant-Intervenor.* | |

---

**STATE OF TEXAS'S UNOPPOSED MOTION TO INTERVENE**

---

The State of Texas, by and through the Attorney General of Texas, moves to intervene in this case to defend the constitutionality of Texas Education Code Section 25.082. As the United States Supreme Court has repeatedly recognized, parents have a fundamental interest in guiding the education and upbringing of their children. That interest rightfully includes determining whether their children should participate in the time-honored tradition of reciting the Pledge of Allegiance to the United States flag. Plaintiffs challenge Texas's statute directing school districts to have their students recite the Pledge unless the student is excused by a written request from a parent or guardian. Texas intervenes to protect that parental right.

1.      The Supreme Court of the United States has ruled that "there is a special place reserved for the flag in this Nation, and thus we do not doubt that the government has a legitimate interest in making efforts to 'preserv[e] the national flag as an unalloyed symbol of our country.'" *Texas v. Johnson*, 491 U.S. 397, 418 (1989),

*quoting Spence v. Washington*, 418 U.S. 405, 412 (1974). The United States flag represents the values of liberty and justice that form the foundation of this country and are defended by our armed forces. It is thus deserving of the highest levels of reverence and respect, which is expressed through every recitation of the Pledge of Allegiance.

2.      The People of the State of Texas, acting through their Legislature, have determined that the Pledge of Allegiance should be included in the educational experience of students in public and charter schools. To that end, the Texas Legislature enacted Texas Education Code Section 25.082(b), which states in relevant part that "[t]he board of trustees of each school district . . . shall require students, once during each school day at each campus, to recite . . . the pledge of allegiance to the United States flag in accordance with 4 U.S.C. § 4." Texans are by no means unique in this sentiment, as 26 other States have similar statutes that make reciting the Pledge of Allegiance a regular part of every school day.[1] Furthermore, 16 other States have statutes that allow for time to be set aside for students who wish to say the Pledge of Allegiance.[2]

---

[1] *See* ALASKA STAT. ANN. § 14.03.130; ARK. CODE ANN. § 6-16-108; 14 DEL.C. § 4105-4106; FLA. STAT. ANN. § 1003.44(1); IDAHO CODE § 33-1602; 105 ILL. COMP. STAT. 5/27-3; IOWA CODE 20-30-5-0.5(b); KAN. STAT. ANN. § 72-9928; MD. CODE ANN., EDUC. § 7-105; MASS. GEN. LAWS ANN. 71 § 69; MINN. STAT. ANN. § 121A.11; MISS. CODE ANN. § 37-13-7; MO. ANN. STAT.§ 171.021; MONT. CODE ANN. § 20-7-133; N.J. STAT. ANN. § 18A:36-3(c); N.M. STAT. ANN. § 1978, § 22-5-4.5; N.Y. EDUC. LAW § 802(1); N.C. GEN. STAT. ANN. § 116-69.1(ii-iii); 70 OKL. STAT. ANN. § 24-106(C); R.I. GEN. LAWS § 16-22-11 (1956); TENN. CODE ANN. § 49-6-1001; UTAH CODE ANN. § 53G-10-304(3) (1953); VA. CODE ANN. § 22.1-202; WASH. REV. CODE ANN. § 28A.230.140; W. VA. CODE § 18-5-15b; WIS. STAT. ANN. § 118.06(2).

[2] *See* ALA. CODE § 16-43-5 (1975); ARIZ. REV. STAT. ANN. § 15-506(A)(5); CAL. EDUC. CODE § 52720; COLO. REV. STAT. § 22-1-106(3); CONN. GEN. STAT. ANN. § 10-230(c); GA. CODE ANN. § 20-2-310(c)(1); KY. REV. STAT. ANN. § 158.175; LA. STAT. ANN. § 17:2115; ME. REV. STAT. ANN. 20-A, § 4010; MICH. COMP. LAWS § 380.1347a; NEV. REV. STAT. § 389.014; N.H. REV. STAT. § 194:15-c(II-III); N.D. CENT. CODE. § 15.1-19-03.1(5); OHIO REV. CODE ANN. § 3313.602(A); OR. REV. STAT. § 339.875; S.D. CODIFIED LAWS § 13-24-17.2.

3.      Texans also recognize that a critical aspect of the liberty guaranteed by the United States Constitution—and represented by the United States flag—is a parent's right to direct the education and upbringing of his or her children. *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). A State may act to protect that interest, and the Texas Legislature did so by giving the choice of whether an individual student will recite the Pledge to the student's parent or guardian. TEX. EDUC. CODE § 25.082(c) ("On written request from a student's parent or guardian, a school district . . . shall excuse the student from reciting a pledge of allegiance[.]"). The U.S. Court of Appeals for the Eleventh Circuit has held that doing so is a legitimate way to protect parents' interest in determining how their children will be educated on civic values and does not violate the students' First Amendment rights. *Frazier v. Winn*, 535 F. 3d 1279, 1285 (11th Cir. 2008). Eight other States have protected the same parental right in a similar manner.[3]

4.      Plaintiffs' Second Amended Complaint challenges the constitutionality of Texas Education Code Section 25.082. Federal Rule of Civil Procedure 5.1 states in relevant part that "[a] party that files a pleading . . . drawing into question the constitutionality of a federal or state statute must promptly file a notice of constitutional question stating the question and identifying the paper that raises it . . . and serve the notice and paper . . . on the state attorney general if a state statute is questioned[.]" The Attorney General is then allowed to intervene "within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier[.]"

5.      Plaintiffs filed a notice of service on the Attorney General of Texas of this lawsuit on July 27, 2018. Texas hereby seeks to intervene as Defendant-

---

[3] *See* ARK. CODE ANN. § 6-16-108; FLA. STAT. ANN. § 1003.44(1); IDAHO CODE § 33-1602; IOWA CODE § 20-30-5-0.5(b); TENN. CODE ANN. § 49-6-1001; UTAH CODE ANN. § 53G-10-304(3) (1953); VA. CODE ANN. § 22.1-202; WIS. STAT. ANN. § 118.06(2).

Intervenor to defend Texas Education Code Section 25.082 and the right of parents to determine whether their children will recite the Pledge of Allegiance.

## Request for Relief

Pursuant to Federal Rule of Civil Procedure 5.1, Texas respectfully requests to intervene in this case as Defendant-Intervenor.

September 25, 2018                    Respectfully submitted.

                                     KEN PAXTON
                                     Attorney General of Texas

                                     JEFFREY C. MATEER
                                     First Assistant Attorney General

                                     BRANTLEY STARR
                                     Deputy First Assistant Attorney General

                                     JAMES E. DAVIS
                                     Deputy Attorney General for Civil Litigation

                                     */s/ Todd Lawrence Disher*
                                     TODD LAWRENCE DISHER
                                     Attorney-in-Charge
                                     Trial Counsel for Civil Litigation
                                     Texas Bar No. 24081854
                                     Southern District of Texas No. 2985472
                                     P.O. Box 12548, Mail Code 009
                                     Austin, Texas 78711-2548
                                     Tel.: (512) 936-2266; Fax.: (512) 936-0545
                                     todd.disher@oag.texas.gov

                                     **ATTORNEYS FOR THE**
                                     **STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I certify that on September 25, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Todd Lawrence Disher*
Todd Lawrence Disher

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Plaintiffs' counsel, Randall Lee Kallinen, and Defendants' counsel, Christopher B. Gilbert and Clay T. Grover, and the existing parties do not oppose this motion.

*/s/ Todd Lawrence Disher*
Todd Lawrence Disher