# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| KIZZY LANDRY and INDIA LANDRY, *Plaintiffs,* v. CYPRESS FAIRBANKS ISD, et al., *Defendants,* STATE OF TEXAS, *Defendant-Intervenor.* | Civil Action No. 4:17-cv-03004 |

## STATE OF TEXAS'S ORIGINAL ANSWER

Defendant-Intervenor, the State of Texas, files this Original Answer to Plaintiffs' Second Amended Complaint. Defendant-Intervenor intervened in this case to defend the constitutionality of Texas Education Code Section 25.082. That statute does not violate the U.S. Constitution for the reasons explained in Defendant-Intervenor's motion to intervene. Defendant-Intervenor may supplement this answer as discovery proceeds.

1. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

2. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. Defendant-Intervenor denies that Plaintiffs are entitled to any relief as a result of their challenge to the constitutionality of Texas Education Code Section 25.082. The remainder of Paragraph 6 does not set forth allegations requiring admission or denial.

7. Defendant-Intervenor admits that this Court has jurisdiction to hear Plaintiffs' constitutional challenge to Texas Education Code Section 25.082.

8. Defendant-Intervenor admits that venue is proper in this Court for Plaintiffs' constitutional challenge to Texas Education Code Section 25.082.

9. Defendant-Intervenor admits that the cited rule and statutes authorize declaratory relief.

10. Defendant-Intervenor admits that Plaintiffs brought this action under the cited statutes.

11. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

21. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35. Defendant-Intervenor admits that Plaintiffs accurately quote a portion of Texas Education Code Section 25.082. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

36. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37. Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38. Defendant-Intervenors incorporate their responses to the reasserted previous paragraphs.

39. Defendant-Intervenor admits that Plaintiffs accurately quote a portion of the First Amendment to the U.S. Constitution.

40. Defendant-Intervenor denies that Texas Education Code Section 25.082 violates Plaintiffs' Fifth Amendment right or is unconstitutional in any way.

41. Defendant-Intervenors incorporate their responses to the reasserted previous paragraphs.

42. Defendant-Intervenor admits that Plaintiffs accurately quote a portion of the Fifth Amendment to the U.S. Constitution.

43. Defendant-Intervenor admits that Plaintiffs accurately quote a portion of the Fourteenth Amendment to the U.S. Constitution.

44. Paragraph 44 does not set forth allegations requiring admission or denial from Defendant-Intervenor.

45. Paragraph 45 does not set forth allegations requiring admission or denial from Defendant-Intervenor.

46. Paragraph 46 does not set forth allegations requiring admission or denial from Defendant-Intervenor. Additionally, Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

47. Paragraph 47 does not set forth allegations requiring admission or denial from Defendant-Intervenor. Additionally, Defendant-Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

48. Defendant-Intervenors incorporate their responses to the reasserted previous paragraphs.

49. Paragraph 49 does not set forth allegations requiring admission or denial from Defendant-Intervenor. To the extent that a response is required, denied.

50. Defendant-Intervenor denies that Plaintiffs are entitled to any relief related to their claim that Texas Education Code Section 25.082 violates the U.S. Constitution.

October 30, 2018                    Respectfully submitted.

                                    KEN PAXTON
                                    Attorney General of Texas

                                    JEFFREY C. MATEER
                                    First Assistant Attorney General

                                    BRANTLEY STARR
                                    Deputy First Assistant Attorney General

                                    JAMES E. DAVIS
                                    Deputy Attorney General for Civil Litigation

                                    */s/ Todd Lawrence Disher*
                                    TODD LAWRENCE DISHER
                                    Attorney-in-Charge
                                    Trial Counsel for Civil Litigation
                                    Texas Bar No. 24081854
                                    Southern District of Texas No. 2985472
                                    P.O. Box 12548, Mail Code 001
                                    Austin, Texas 78711-2548
                                    Tel.: (512) 936-2266; Fax.: (512) 936-0545
                                    todd.disher@oag.texas.gov

                                    **ATTORNEYS FOR THE
                                    STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I certify that on October 30, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Todd Lawrence Disher*
Todd Lawrence Disher
