United States District Court
Southern District of Texas
**ENTERED**
December 05, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | |
|---|---|
| KIZZY LANDRY and INDIA LANDRY § § Plaintiffs, § § v. § § CYPRESS-FAIRBANKS ISD, § MARK HENRY, *Individually*, § MARTHA STROTHER, *Individually* § JAMIE JOHNSON, *Individually* § MARY JAMES, *Individually* § PENNY IRWIN-FITT, *Individually*, and § SECRETARY WALTERS, *Individually* § § Defendants. § | C.A. No. 4:17-cv-03004 |

## AGREED ORDER REQUIRING DEFENDANT CYPRESS-FAIRBANKS ISD TO PRODUCE CERTAIN STUDENT RECORDS AND AGREED PROTECTIVE ORDER

Given that this case involves claims brought by a student against Defendant Cypress-Fairbanks Independent School District ("Cy-Fair ISD") and others, the parties anticipate that some of the information sought during discovery will be student educational records, as that term is defined by the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. In particular, communications about and other information regarding Cy-Fair ISD students other than India Landry who may or may not have had issues involving the Pledge of Allegiance, would in all likelihood be considered student educational records protected by FERPA. As such, Defendant Cy-Fair ISD cannot release the information absent a *subpoena* or a court order. *See* 20 U.S.C. § 1232g(b)(2)(B).

Defendant Cy-Fair ISD has agreed to release information regarding Cy-Fair ISD students other than India Landry who may or may not have had issues involving the Pledge of Allegiance (to the extent any such information exists), provided it is ordered to do so by this Court, so that it

can meet its obligations under FERPA. Accordingly, the Court hereby ORDERS Cy-Fair ISD to produce information regarding Cy-Fair ISD students other than India Landry who may or may not have had issues involving the Pledge of Allegiance (that is otherwise responsive to discovery requests), in compliance with the following notice provision.

**NOTICE TO PARTIES:** Pursuant to 20 U.S.C. § 1232g(b)(2)(B), prior to production of any unredacted student records Defendant Cy-Fair ISD is directed to send to the last known address of the involved students a copy of this Order, and to notify the students and their parents of the District's intent to comply with this Order within seven (7) days of the date of the notice letter. The District is not required to provide notice to Plaintiff India Landry (or her parents), as Landry is already a party to this case and will receive notice via her attorney's participation in discovery.

**PROTECTIVE ORDER**: Because the production of student records involves the disclosure of information which may infringe on the privacy interest of the students or certain third parties, the following protective order will govern this case and will apply to the production of documents, to all discovery responses, and to all court filings issued or prepared by any party.

1. This Order shall govern any document, recording, or other thing furnished or exchanged among the parties pertaining to the above-referenced case that contains "Confidential Information" as defined in this Order. This order does not govern proceedings during trial, nor does it prohibit any party from seeking a protective order to govern proceedings at trial.

2. "Confidential Information" includes Confidential Discovery and Confidential Personnel Information.

    a. "Confidential Discovery" is defined generally as student "education records," as that term is defined by 20 U.S.C. § 1232g(a)(4)(A), and personal, confidential information, which is normally confidential in nature.

    b. "Confidential Personnel Information" is defined generally as employee personal data, including information made confidential by TEX. EDUC. CODE § 21.355.

3. Parties seeking to designate discovery material as confidential under the terms of this order shall stamp the word "confidential" on the material at the time it is produced. Inadvertent failure to designate a document as confidential may be corrected by supplemental written notice given as soon as practicable. In addition, parties seeking to designate portions of a deposition transcript or recording as confidential shall make such designation within 30 days of receipt of the transcript or recording. During this 30-day period, the entire deposition transcript or recording, including exhibits, shall be treated as confidential.

4. All protected matter containing Confidential Information as defined herein shall not be disclosed by the Plaintiff, by the Defendants, or by those individuals identified in paragraph 5 hereto, to anyone other than those persons designated herein; shall be handled in the manner set forth below; and shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed by order of this Court.

5. Confidential Information may be disclosed by the Plaintiffs' or the Defendants' counsel to the following persons, provided that each individual has read this Order in advance of disclosure and agreed in writing to be bound by its terms:

    a. Attorneys retained by the parties, including contract attorneys, and those attorneys' stenographic, clerical and paralegal employees or independent contractors;

    b. Deposition court reporters/videographers;

    c. Outside experts retained for consultation or for testimony in this action and their employees who will review Confidential Information.

    d. Parties to the litigation.

6. All protected subject matter which constitutes Confidential Information and any and all reproductions thereof shall be physically retained in the custody of the parties and access thereto shall be strictly limited to those persons in paragraphs 5 (a) – (e).

7. Confidential Information shall not be made public by any party, unless it becomes part of the public record in this action. If Confidential Information is filed with the Clerk of the Court, it is to be filed under seal. It should be noted however, this provision only relates to the confidential document, not the legal pleading to which the document may be attached.

8. Whenever Confidential Information is to be disclosed or discussed in a deposition, the parties may exclude from the room any person not designated in paragraph 5 herein and who is not entitled to receive documents, information or other things designated as confidential.

9. Confidential Information shall be used by the parties only in the preparation and/or trial of this action, including any and all pre-trial proceedings, and any appellate proceeding concerning this action, and shall not be used for any other purpose whatsoever.

10. In the event that one party disagrees with a confidentiality designation made by another party, the parties shall first attempt to resolve the disagreement in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request relief from the court. The document or information in

question shall remain confidential until the parties agree to designate it differently or the court so orders.

11. Any violation of this Order may result in an injunction or other appropriate penalties or sanctions being imposed against any person found in violation of the Order.

12. Upon termination of this action, all Confidential Information and all reproductions of the whole or any part thereof, summaries and abstracts shall be returned to the party that produced the information, except that any work product created from any Confidential Information need not be returned but may instead be retained by the attorney or destroyed.

13. Nothing in this Order is intended to prevent parties from objecting to discovery requests on other grounds, including but not limited to the grounds of relevancy, or on the grounds that the requests were not reasonably calculated to lead to the discovery of admissible evidence.

14. The provisions of this Order regarding the use and/or disclosure of Confidential Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Order for purposes of compliance enforcement.

SIGNED AND ENTERED on this the 5th day of December, 2018.

_____
DISTRICT JUDGE