IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIZZY LANDRY and INDIA LANDRY,<br><br>*Plaintiffs,*<br><br>v.<br><br>CYPRESS FAIRBANKS ISD, et al.,<br><br>*Defendants,*<br><br>STATE OF TEXAS,<br><br>*Intervenor.* | Civil Action No. 4:17-cv-03004 |

## STATE OF TEXAS'S ADVISORY TO THE COURT

The State of Texas files this advisory to inform the Court that it can grant Texas's motion to dismiss as unopposed due to Plaintiffs' failure to respond to the motion before the submission date.

On December 26, 2018, Plaintiffs filed a stipulation and joint motion for order for dismissal with prejudice. ECF No. 53. The Court signed Plaintiffs' proposed order on December 27, 2018, dismissing all Plaintiffs' claims against all Defendants with prejudice. ECF No. 54. Texas, having intervened solely to defend the constitutionality of the challenged statute, moved for entry of final judgment. ECF No. 55.

At a status conference on February 6, 2019, the Court granted Plaintiffs leave to file a third amended complaint based on Plaintiffs' representation that they

intended to bring claims directly against Texas. *See* Minute Entry for Feb. 6, 2019 Status Conference. Plaintiffs filed a third amended complaint on February 21, 2019, seeking to preserve their challenge to the constitutionality of Texas Education Code Section 25.082 by bringing claims against Texas, despite dismissing all their claims against Defendants with prejudice. ECF No. 57.

Texas filed a motion to dismiss the third amended complaint on March 14, 2019. ECF No. 58. Texas moved to dismiss the third amended complaint because: (1) it constitutes an impermissible request for an advisory opinion now that Plaintiffs have settled their claims against Defendants; (2) Plaintiffs lack an injury to support their standing because Kizzy Landry no longer has to recite the Pledge of Allegiance; (3) Texas has sovereign immunity against Plaintiffs' claims; and (4) the challenged statute is a constitutional recognition of parents' rights to direct the education and upbringing of their children. *Id.*

Plaintiffs have not responded to Texas's motion to dismiss. Local Rule 7.4 requires responses to be filed before the submission date, which is 21 days after the motion was filed. The submission date for Texas's motion to dismiss was April 4, 2019. Plaintiffs did not file a response on or before April 4, 2019, and they still have not filed a response. Under Local Rule 7.4, failure to respond to a motion "will be taken as a representation of no opposition." Thus, the Court can now treat Texas's motion as unopposed and dismiss all Plaintiffs' with prejudice.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

*/s/ Todd Lawrence Disher*
TODD LAWRENCE DISHER
Attorney-in-Charge
Trial Counsel for Civil Litigation
Texas Bar No. 24081854
Southern District of Texas No. 2985472
P.O. Box 12548, Mail Code 009
Austin, Texas 78711-2548
Tel.: (512) 936-2266; Fax.: (512) 936-0545
todd.disher@oag.texas.gov

**ATTORNEYS FOR THE
STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I certify that on April 8, 2019, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Todd Lawrence Disher*
Todd Lawrence Disher